ELLIS, Judge.
On January 27, 1949 the plaintiff, while performing his duties as a laborer in ac *451 cord with his employment by the defendant, suffered-an accident in which a heavy iron bar fell across his right foot, resulting in a comminuted fracture of the proximal phalanx of the big toe, chip fracture of the head of the first metatarsal. Plaintiff’s suit was for total and permanent disability, and after trial, the judge of the district court rejected his demand and dismissed the suit, and he has appealed to this court.
The only question to be decided is one of fact as to the extent, if any, of plaintiff’s disability. It is admitted that he was paid compensation for 26 weeks and was paid $179.50 in medical expenses.
In support of his case, plaintiff has offered his own testimony to the effect that he is still disabled and cannot stand on his foot for any length of time due to pain, and that it also swells. He performed certain light work at a garage which consisted of wiping windshields, putting gasoline in cars, and there is also some testimony that he fixed tubes for which he received tips and sometimes his meals and some clothes from the owners and operators of the garage. One of the co-owners of the garage testified that he was just “giving him something to go along until his foot can get better,” but that the plaintiff does no heavy work. His work consisted of cleaning glasses, floor boards, etc. He also testified that plaintiff could not stand on.his foot for any length of time due to the pain and that his foot would swell.
Dr. Bourgeois, who saw and treated plaintiff for the defendant company immediately after his accident and for sometime thereafter on several occasions, found swelling of the soft tissues of the injured foot and limitation of motion of the joint of the great toe, as well as pain and tenderness on motion of the joint. This doctor also examined the plaintiff on the day before the trial and found no evidence of traumatic arthritis and, in fact, his positive testimony is to the effect that the plaintiff had fully recovered. There is a statement signed by this doctor dated October 10th in which he certified that the plaintiff “is able to do light work providing he doesn’t have to stand for too long a period of time.” The doctor explains this statement by saying'that plaintiff came in and told him that his foot was hurting and that he could not do heavy work, upon which he advised him to take it easy, and plaintiff requested a certificate to that effect, and without any examination he took plaintiff’s word that he had pain in his foot and gave the certificate.
The plaintiff was also examined on August 30, 1949 by Dr. Kingsley who specialized in orthopedics. This doctor was of the emphatic opinion that plaintiff was exaggerating his disability and that he only had a disability of a very' minor degree, and that he thought the plaintiff could return to work.
In conclusion, we are of the opinion that plaintiff has failed to prove his case to a certainty or as to a preponderance of the evidence. The entire medical testimony is against him.
Judgment affirmed.